Maria Cecilia **HOLGUIN DE CORTES**, Petitioner,

v.

Michael B. **MUKASEY**,* United States Attorney General, Respondent.

No. 05–6120–ag.

United States Court of Appeals, Second Circuit.

March 28, 2008.

H. Raymond Fasano, New York, N.Y. (Rodney R. Youman, Jackson Heights, N.Y. on the brief), for Petitioner.

Shane Cargo, Assistant United States Attorney (Elizabeth Wolstein, Assistant United States Attorney, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WILFRED FEINBERG, Circuit Judge, and Hon. LEONARD B. SAND, District Judge.**

### SUMMARY ORDER

Maria Cecilia Holguin De Cortes ("Holguin"), a native and citizen of Colombia, petitions for review of an October 14, 2005 order of the BIA affirming the May 16,

2005 decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied her application for deferral of removal under the Convention Against Torture ("CAT"). *In re Maria Cecilia Holguin De Cortes,* No. A34 621 344 (B.I.A. Oct. 14, 2005), *aff'g* No. A 34 621 344 (Immig. Ct. N.Y. City May 16, 2005). We assume the parties' familiarity with the underlying facts and procedural history.

Holguin challenges the agency's decision on two bases:[1] (1) that the evidence is insufficient to support the IJ's finding regarding the likelihood that she would be tortured upon return to Colombia, and (2) that the agency erred in its application of the CAT.

### Sufficiency of the Evidence

Holguin is removable by reason of having committed a criminal offense covered by 8 U.S.C. § 1227(a)(2)(B)(i) (relating to convictions for violation of laws related to controlled substances) and 8 U.S.C. § 1227(a)(2)(A)(iii) (relating to convictions for aggravated felonies). We are thus without jurisdiction to review Holguin's challenges to the agency's factual findings. *See* 8 U.S.C. § 1252(a)(2)(C); *Pierre v. Gonzales,* 502 F.3d 109, 113 (2d Cir.2007) (applying § 1252(a)(2)(C) in the CAT context).

### Application of the CAT

We retain jurisdiction to review Holguin's CAT argument because it raises a question of law. *See* 8 U.S.C. § 1252(a)(2)(D). Holguin contends that the IJ failed to consider the hardship that

to show that she would face "particularly harsh punishment."

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

** The Honorable Leonard B. Sand, of the United States District Court for the Southern District of New York, sitting by designation.

1. At oral argument, counsel withdrew a substantive due process claim presented in Holguin's briefs.

Holguin would endure if she were forced to relocate within Colombia, and thereby erred in determining that she was ineligible for CAT protection. Holguin relies on a regulation applicable to withholding of removal under section 241(b)(3)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3)(B), but not to relief under the CAT. *See* 8 C.F.R. § 1208.16(b)(3). The regulation implementing the INA's withholding-of-removal provision requires the IJ to consider, *inter alia,* "social and cultural restraints" associated with internal relocation. The regulations implementing the CAT contain no such requirements. *See id.* § 1208.16(c)(3).

We have considered Holguin's remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is **DISMISSED** insofar as it challenges the IJ's factual findings, and **DENIED** in all other respects.